UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG-BAO PAUL OU-YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARK B. BUSBY, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-08545-JCS<br><br>**ORDER DENYING MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 14 |

　　　　Plaintiff has brought an Ex Parte Motion to Disqualify Judge ("Motion") pursuant to 28 U.S.C. § 455(b)(1). Under that section a judge "shall . . . disqualify [themself] . . . [w]here [they have] a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In the Motion, Plaintiff asserts that the undersigned is biased because he ordered a competency examination in a prior criminal action, 17-cr-0263-MMC, United States District Court, N.D. Cal. ("Criminal Case"). Plaintiff reasons that because he did not defend on the basis of insanity in that case, the Court's order for him to undergo a competency examination amounted to a conspiracy with the United States Attorney to deprive him of his Fifth Amendment right against self-incrimination. These allegations do not establish bias.

　　　　In the Criminal Case, Plaintiff's attorney brought a motion on Plaintiff's behalf seeking a competency examination pursuant to 18 U.S.C. § 4241, which the Court granted. Criminal Case, dkt. nos. 15, 30. Section 4241 authorizes the court to order a psychiatric evaluation of a defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 28 U.S.C. §§ 4241(a), (b). The purpose of this statute is to ensure that a criminal defendant is

1   competent to stand trial – not to evaluate any defense a defendant may assert in a criminal action
2   based on their mental state when the crime they are charged with was committed. Therefore, the
3   Court DENIES the Motion.[1]

4   **IT IS SO ORDERED.**

6   Dated: February 4, 2025

_____
JOSEPH C. SPERO
United States Magistrate Judge

---

[1] The Court notes that Plaintiff did not bring this motion under 28 U.S.C. § 144, which provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Even if he had, the factual assertions in the Motion on which Plaintiff bases his allegations of bias would not be legally sufficient to establish bias and therefore, the undersigned may properly decide the Motion without referring it to another judge. *See* Civ.L.R. 3-14; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) ("An affidavit filed pursuant to [section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source.").

2